✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

KELLY JOSEPH RUCKER
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 34

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  ___ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ___ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence   X   a preponderance of the evidence   that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 34

**UNITED STATES OF AMERICA,**

Vs.                                                                                     **ADDENDUM TO**
                                                                                        **DETENTION ORDER**

**KELLY JOSEPH RUCKER.**

---

**I.   FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.     FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, in that it is alleged the defendant tested positive for use of cocaine on two occasions while on supervised release.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant in regard to violations #1 & 2.  It appears to be at the level of probable cause as to violation allegation #3.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant does not have formal employment but during a recent period of incarceration was an excellent worker at his place of incarceration.  The defendant has had a long length of residence in the Rutherford County community.  In regard to the defendant's criminal history, the defendant's criminal record shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Use of vehicle without owners consent, SC | Unknown |
| 3 counts of forgery, SC | 07/25/86 |
| Possession with intent to distribute marijuana, SC | 12/15/87 |
| Accessory before the fact to felony burglary, SC | 01/11/96 |
| Driving while license suspended, SC | 05/01/97 |
| Driving while license suspended, SC | 11/08/96 |
| Driving while impaired | 06/11/98 |
| Driving while license revoked | 01/06/00 |
| Driving while license revoked | 04/13/00 |
| Driving while license revoked | 11/23/01 |
| Failure to return rental property | 04/06/01 |
| Driving while license revoked | 11/13/01 |
| Driving while license revoked | 03/07/02 |
| Driving while license revoked | 03/07/02 |
| Driving while license revoked | 03/07/02 |
| Driving while license revoked | 08/09/02 |
| Driving while license revoked | 02/09/03 |
| Driving while license revoked | 01/16/04 |
| No operators license | 12/11/03 |
| Unauthorized use of a motor vehicle | 09/29/05 |

| | |
|---|---|
| Driving while license revoked | 05/03/07 |
| Driving while license suspended, SC | 08/16/06 |
| Unauthorized use of motor vehicle | 02/23/07 |
| Unauthorized use of a motor vehicle | 02/23/07 |
| Simple worthless check | 02/23/07 |
| Unauthorized use of a motor vehicle | 04/27/07 |
| Unauthorized use of a motor vehicle | 04/27/07 |
| Driving while license revoked | 01/11/08 |
| Unauthorized use of a motor vehicle | 01/11/08 |
| Felony possession of a stolen motor vehicle | 12/04/07 |
| Unauthorized use of a motor vehicle | 02/23/07 |

The defendant was also convicted of conspiracy against the United States in the United States District Court for South Carolina on July 2, 2008 and is serving a period of supervised release as a result of that offense.

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear in regard to various charges pending against him.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant's criminal record shows repeated criminal offenses. As a result, the undersigned is of the opinion that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has repeatedly failed to appear in regard to various charges. The undersigned recognizes that the defendant did voluntarily surrender himself in regard to the allegations contained in the petition. However, weighing all the evidence leads the undersigned to believe by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: January 21, 2010

Dennis L. Howell
United States Magistrate Judge